IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

BAD ASS COFFEE COMPANY OF HAWAII, INC., a
Utah Corporation,

Plaintiff,

v.                                      No. 1:15-CV-00472-RB-KK

BAD ASS LLC; a
New Mexico Corporation
d/b/a Bad Ass Sandwich Company,

Defendant.

## COMPLAINT

Plaintiff Bad Ass Coffee Company of Hawaii, Inc. ("Bad Ass Coffee") hereby files this

Complaint against Defendant Bad Ass, LLC, and for its claims alleges as follows:

## PARTIES

1.      Bad Ass Coffee is a Utah corporation with its principal place of business in Salt

Lake City, Utah.

2.      Bad Ass, LLC, is a New Mexico limited liability company with its principal place

of business in Santa Fe, New Mexico.

## JURISDICTION AND VENUE

3.      This Court has subject matter jurisdiction over this action in accordance with 15

U.S.C. § 1125(a) and 28 U.S.C. §§ 1331 and 1338(a) in that this action arises under the Lanham

Act, 15 U.S.C. § 1051 *et seq.*  This Court also has subject matter jurisdiction over the state and

common law claims for unfair competition and trademark infringement asserted herein pursuant

to the provisions of 28 U.S.C. § 1338(b) in that these claims are joined with a substantial and related claim under the Lanham Act.

4.      This Court has personal jurisdiction over Bad Ass, LLC, in that Bad Ass, LLC, is organized under the laws of the State of New Mexico, holds its principal place of business in the State of New Mexico, and transacts business within the State of New Mexico, including without limitation, offering retail services and selling its products within the State of New Mexico.

5.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)-(c) because Bad Ass, LLC, is subject to personal jurisdiction within the District of New Mexico and therefore resides within the District of New Mexico. Additionally, the infringing activities occurred within the District of New Mexico.

<u>**GENERAL ALLEGATIONS**</u>

<u>Bad Ass Coffee</u>

6.      Since 1989, Bad Ass Coffee has been engaged in the business of selling coffee beans/beverages and operating/franchising retail coffee shops, including multiple locations across the United States, the U.S. Virgin Islands, and Japan. Bad Ass Coffee also operates an online store selling its products.

7.      Bad Ass Coffee has used the "The Bad Ass Coffee Company" trademark, the "The Bad Ass Coffee Co." logo mark and the "Bad Ass Coffee of Hawaii" trademark (collectively, the "BAD ASS" marks) to identify its coffee, espresso, food, including sandwiches, breakfast sandwiches, pastries, bagels, and salads, clothing, retail products and retail services to distinguish Bad Ass Coffee's coffee, espresso, food, clothing, retail products and retail services from those made, sold, and offered by others.

8.      The "The Bad Ass Coffee Company" trademark was first used in 1990, the "Bad Ass Coffee Co." logo mark was first used in 1991, and the "Bad Ass Coffee of Hawaii" trademark was first used in 2003.

9.      Bad Ass Coffee has continually used the BAD ASS marks to market its retail stores, franchises, coffee, espresso, food, clothing, retail products and retail services, and the BAD ASS marks have generated significant goodwill for Bad Ass Coffee. Consumers recognize and associate the BAD ASS marks with Bad Ass Coffee's retail stores and franchises.

10.     In December of 1995, Bad Ass Coffee applied to register the "The Bad Ass Coffee Company" mark with the United States Patent and Trademark Office (USPTO), and Bad Ass Coffee is the owner of United States Registered Mark Numbers 2,196,877 (the "'877 registration"), 2,226,968 (the "'968 registration"), 2,194,520 (the "'520 registration") and 2,194,521 (the "'521 registration") for the "The Bad Ass Coffee Company" mark.

11.     Bad Ass Coffee obtained the '877 registration on October 20, 1998, the '968 registration on March 2, 1999, and both the '520 registration and the '521 registration on October 13, 2998. All four were registered based on a first use date of May 1990. Copies of printouts from the USPTO web site that provide information for the '877 registration, the '968 registration, the '520 registration and the '521 registration are attached hereto as Exhibits A, B, C and D, respectively.

12.     In August of 2007, Bad Ass Coffee applied to register the "Bad Ass Coffee Company of Hawaii" mark with the USPTO, and Bad Ass Coffee is the owner of United States Registered Mark Number 3,728,946 (the "'946 registration"). Bad Ass Coffee obtained the '946 registration on December 22, 2009, based on a date of first use of April 10, 2003. A copy of a

printout from the USPTO that provides information for the '946 registration is attached hereto as Exhibit E.

13.     In January of 2014, Bad Ass Coffee applied to register the "Bad Ass Coffee Company of Hawaii" mark with the USPTO.  Bad Ass Coffee obtained the '047 registration on August 12, 2014, based on a date of first use of April 10, 2003 and is the owner of United States Registered Mark Number 4,584,047 (the "047 registration"). A copy of a printout from the USPTO that provides information for the '047 registration is attached hereto as Exhibit F.

14.     In July of 2007, Bad Ass Coffee applied to register its logo with the USPTO as a trademark. Bad Ass Coffee obtained the '294 registration on September 13, 2005, based on a date of first use of July 1991, and Bad Ass Coffee is the owner of United States Registered Mark Number 2,295,294 (the "'294 registration"). A copy of a printout from the USPTO that provides information for the '294 registration is attached hereto as Exhibit G.

15.     The BAD ASS marks are valid and subsisting. Additionally, the '877, '968, '520 and '521 registrations are statutorily incontestable, providing Bad Ass Coffee with the conclusive and exclusive right to use those marks in commerce in the United States.

16.     Bad Ass Coffee owns each of the BAD ASS marks exclusively.

17.     Bad Ass Coffee also has a franchise located in New Mexico, which has been in continuous operation since December 19, 2007. Bad Ass Coffee Company New Mexico has continuously sold sandwiches, salads, snacks, coffee, espresso and other food.  See Exhibit L. In addition to the federal trademark protection described above, Bad Ass Coffee Company New Mexico has gained considerable common law trademark rights.

Bad Ass, LLC's Unlawful Conduct

18.     Upon information and belief, in or around May 2015, Bad Ass, LLC, started operating Bad Ass Sandwich Company (then known as Café Diem), marketing and selling espresso, coffee, sandwiches, salads, and other food products.

19.     Upon information and belief, in or around January 2016, Bad Ass, LLC, began calling its business Bad Ass Sandwich Company and began using the infringing marks "Bad Ass Sandwich Company" and "Bad Ass Sandwich" in connection with its coffee, espresso, food, clothing and other products, as well as in websites, social media pages and other marketing materials. See Exhibit M – Bad Ass, LLC, Facebook page and website clippings.

20.     Upon information and belief, Bad Ass, LLC, has also used at least one logo that is confusingly similar to the '294 mark owned by Bad Ass Coffee. See Exhibit N – Bad Ass, LLC, Logo.

21.     Upon information and belief, Bad Ass, LLC's use of the infringing marks "Bad Ass Sandwich Company" and "Bad Ass Sandwich" has caused and continues to cause consumer confusion.

22.     Upon information and belief, Bad Ass, LLC's use of the infringing "Bad Ass Sandwich Company" and "Bad Ass Sandwich" on and in relation to its products and in its marketing is likely to confuse and has confused consumers or is likely to cause mistake or to deceive consumers to believe that the products offered by Bad Ass, LLC are produced, sponsored, or approved by Bad Ass Coffee or that Bad Ass, LLC is affiliated or connected with Bad Ass Coffee.

23.     Upon information and belief, Bad Ass, LLC's products are of a quality that is inferior to the products that have been sold and are currently being sold by Bad Ass Coffee in conjunction with the BAD ASS marks, all to Bad Ass Coffee's detriment.

Bad Ass Coffee Becomes Aware of the Infringement of Its Mark

24.     In mid-2016, Bad Ass Coffee first became aware of Bad Ass, LLC's use of the infringing marks from Bad Ass, LLC's web site at http://www.sfbadasssandwiches.com.

25.     After becoming aware of Bad Ass, LLC's use of the "Bad Ass Sandwich Company," "Bad Ass Sandwiches," and the infringing logo mark, Bad Ass Coffee—through counsel—repeatedly demanded that Bad Ass, LLC cease and desist in its infringement of the BAD ASS marks.

26.     After being contacted by counsel for Bad Ass Coffee regarding their use of the infringing marks, Bad Ass, LLC, made marginal changes that resulted in additional infringement on Bad Ass Coffee's marks. Bad Ass, LLC, began using additional infringing marks such as "Santa Fe Baddass Sandwiches," "Baddass Sandwiches," and "Baddass Sandwich Co." in relation to its coffee, espresso, food, clothing and other products, as well as in its websites, social media pages and other marketing materials. See Exhibit O – Bad Ass, LLC, New Logos and Website Clippings.

27.     Bad Ass, LLC has refused to cease its infringing use of the "Bad Ass Sandwich Company," "Bad Ass Sandwiches," the infringing logo, "Santa Fe Baddass Sandwiches," Baddass Sandwiches," and "Baddass Sandwich Co." marks (collectively, the "Infringing Marks"), and it appears that it intends to continue using the Infringing Marks in relation to its products, services and marketing.

28.     Bad Ass Coffee has never authorized Bad Ass, LLC to use any intellectual property owned by Bad Ass Coffee, including the BAD ASS marks.

**FIRST CAUSE OF ACTION**
**Federal Trademark Infringement Under 15 U.S.C. § 1114**

29.     Bad Ass Coffee incorporates by reference paragraphs 1-28 as if fully set forth herein.

30.     The BAD ASS marks are valid and subsisting and provide Bad Ass Coffee with the exclusive right to use the BAD ASS marks in commerce in the United States, the State of New Mexico, and this Judicial District.

31.     Bad Ass, LLC, has infringed Bad Ass Coffee's BAD ASS marks in interstate commerce, in the State of New Mexico, and within this Judicial District by various acts, including using the BAD ASS marks or reproductions, counterfeits, copies, or colorable imitations of the BAD ASS marks in conjunction with the sale, offering for sale, distribution, and/or advertising of coffee, espresso, food, clothing, retail products and retail services all in violation of 15 U.S.C. § 1114(1)(a).

32.     Bad Ass, LLC, has also infringed Bad Ass Coffee's BAD ASS marks in interstate commerce, in the State of New Mexico, and within this Judicial District by reproducing, counterfeiting, copying, or colorably imitating Bad Ass Coffee's BAD ASS marks and applying such reproduction, counterfeit, copy, or colorable imitation to labels, signs, prints, packages, wrappers, receptacles, or advertisements intended to be used in commerce or in connection with the sale, offering for sale, distribution, and/or advertising of coffee, espresso, food, clothing, retail products and retail services, the same type of products sold by Bad Ass Coffee, all in violation of 15 U.S.C. § 1114(1)(b).

33.     Bad Ass, LLC's use of the Infringing Marks is unauthorized and such use by Bad Ass, LLC has caused and is likely to cause confusion, to cause mistake, and to deceive consumers as to the source of origin of its coffee, espresso, food, clothing, retail products and retail services.

34.     Consumers who purchase Bad Ass, LLC's coffee, espresso, food, clothing or other retail products that bear the Infringing Marks, believing that they are sponsored, associated with, or affiliated with Bad Ass Coffee, are deceived and misled or will likely be deceived and misled, thereby resulting in a loss of the goodwill in the BAD ASS marks and creating confusion, thus irreparably injuring Bad Ass Coffee.

35.     Upon information and belief, Bad Ass, LLC's continued use of the Infringing Marks is with the deliberate intention of trading on and benefitting from the valuable reputation and goodwill established in the BAD ASS marks and gives the false impression that Bad Ass, LLC, is associated with Bad Ass Coffee.

36.     Bad Ass Coffee has no control over the quality of the coffee, espresso, food, clothing, retail products and retail services sold by Bad Ass, LLC, and because of the confusion as to the source and false association with Bad Ass Coffee engendered by Bad Ass, LLC, Bad Ass Coffee's valuable goodwill with respect to the BAD ASS marks is at the mercy of Bad Ass, LLC, unless its use of the Infringing Marks is preliminarily and permanently enjoined.

37.     Bad Ass, LLC's use of the Infringing Marks is a deliberate, knowing, and willful infringement of Bad Ass Coffee's statutory rights in the BAD ASS marks. Bad Ass, LLC's actions are reckless and in willful disregard of Bad Ass Coffee's rights in the BAD ASS marks and have been designed specifically to trade upon the goodwill associated with the BAD ASS marks.

38.     Bad Ass, LLC's infringement of the BAD ASS marks is causing irreparable injury to Bad Ass Coffee. Unless and until enjoined by this Court, Bad Ass, LLC's infringement will continue to the damage and detriment of Bad Ass Coffee, for which Bad Ass Coffee has no adequate remedy at law.

39.     As a direct and proximate result of Bad Ass, LLC's infringement, Bad Ass Coffee has and continues to suffer damages in an amount that is not presently ascertainable, but will be established at trial, along with irreparable harm. Bad Ass Coffee is entitled to all available and applicable remedies provided for in 15 U.S.C. §§ 1117, 1118, and 1125, including preliminary and permanent injunctive relief, disgorgement of Bad Ass, LLC's profits, treble damages, costs, and reasonable attorney's' fees.

<u>SECOND CAUSE OF ACTION</u>
<u>False Designation of Origin Under 15 U.S.C. § 1125(A)</u>

40.     Bad Ass Coffee incorporates by reference paragraphs 1-39 as if fully set forth herein.

41.     Bad Ass, LLC's use of the Infringing Marks in connection with selling its coffee, espresso, food, clothing, retail products and retail services creates the false designation of origin that those products come from Bad Ass Coffee and falsely creates the impression that Bad Ass Coffee sponsors or approves of Bad Ass, LLC, and falsely associates and affiliates Bad Ass, LLC, with Bad Ass Coffee in violation of 15 U.S.C. § 1125(a). This infringing use is intentionally designed to deceive prospective purchasers into believing that the coffee, espresso, food, clothing, retail products and retail services sold by Bad Ass, LLC, and bearing the Infringing Marks are sold by, originate from, or endorsed by Bad Ass Coffee. Bad Ass, LLC's use of the Infringing Marks is likely to deceive and has deceived consumers into believing that Bad Ass, LLC, is in some way

associated with, connected with, or affiliated with Bad Ass Coffee. Such use is likely to harm the reputation and goodwill of Bad Ass Coffee.

42.    Bad Ass Coffee has no control over the quality of coffee, espresso, food, clothing, retail products and retail services offered by Bad Ass, LLC. Bad Ass, LLC's reckless disregard for Bad Ass Coffee's rights is harmful to the public and to the outstanding reputation of coffee, espresso, food, clothing, retail products and retail services associated with the BAD ASS marks.

43.    Bad Ass, LLC's infringement of the BAD ASS marks violates 15 U.S.C. § 1125(a) and have been undertaken in reckless and willful disregard for Bad Ass Coffee's rights and are designed specifically to trade upon the goodwill associated with Bad Ass Coffee.

44.    Upon information and belief, Bad Ass, LLC, has, with knowledge of the falsity of the designation of origin, descriptions, and/or representations used in connection with the sale of coffee, espresso, food, clothing, retail products and retail services, caused the coffee, espresso, food, clothing, retail products and retail services to be advertised, offered, and sold in interstate commerce to the immediate and irreparable damage of Bad Ass Coffee in violation of 15 U.S.C. § 1125(a).

45.    Unless and until preliminarily and permanently enjoined by this Court, Bad Ass, LLC's infringement of the BAD ASS marks will continue to the damage and detriment of Bad Ass Coffee, for which Bad Ass Coffee has no adequate remedy at law.

46.     Bad Ass, LLC, has unfairly profited from its infringement of the BAD ASS marks.

47.     Bad Ass, LLC, has misappropriated and continues to misappropriate Bad Ass Coffee's substantial property in the BAD ASS marks as well as the good will associated therewith.

48.     On information and belief, Bad Ass, LLC's infringement of the BAD ASS marks is willful.

49.     As a direct and proximate result of Bad Ass, LLC's infringement, Bad Ass Coffee has and continues to suffer damages in an amount that is not presently ascertainable, but will be established at trial, as well as irreparable harm. Bad Ass Coffee is entitled to all available and applicable remedies provided for in 15 U.S.C. §§ 1117, 1118, and 1125, including preliminary and permanent injunctive relief, disgorgement of Bad Ass, LLC's profits, treble damages, costs, and reasonable attorney's fees.

## THIRD CAUSE OF ACTION
## Unfair Trade Practices—New Mexico Unfair Practices Act, NMSA §§ 57-12-1 et seq.

50.     Bad Ass Coffee incorporates by reference paragraphs 1-49 as if fully set forth herein.

51.     Consumers who purchase Bad Ass, LLC's coffee, espresso, food, clothing or other retail products that bear the Infringing Marks, believing that they are sponsored, associated with, or affiliated with Bad Ass Coffee, are deceived and misled or will likely be deceived and misled, thereby resulting in a loss of the goodwill in the BAD ASS marks and creating confusion, thus irreparably injuring Bad Ass Coffee.

52.     Bad Ass, LLC's use of the Infringing Marks has and continues to cause confusion and misunderstanding as to the source, sponsorship, approval and certification of its goods and

services, as well as confusion and misunderstanding as to affiliation, connection, and association with and certification by Bad Ass Coffee.

53.     Furthermore, Bad Ass, LLC's use of the Infringing Marks also falsely represents that Bad Ass, LLC, and its goods and services have a sponsorship, approval, status, affiliation or connection with Bad Ass Coffee.

54.     Bad Ass, LLC's use of the Infringing Marks has and continues to disparage the goods, services and business of Bad Ass Coffee by false and misleading representations, resulting in a material diminution in the value of Bad Ass Coffee's intellectual property.

55.     Upon information and belief, Bad Ass, LLC, had and continues to have knowledge of the confusion, misunderstanding and misrepresentation as to the source, sponsorship, approval or certification of its goods and services, and as to affiliation, connection or association of Bad Ass, LLC, or its goods and services with Bad Ass Coffee.

56.     Upon information and belief, Bad Ass, LLC, despite such knowledge, willfully caused its coffee, espresso, food, clothing, retail products and retail services to be advertised, offered, and sold to the immediate and irreparable damage of Bad Ass Coffee.

57.     Bad Ass, LLC,'s actions comprise unfair and deceptive trade practices in violation of New Mexico's Unfair Practices Act, NMSA §§ 57-12-1 *et seq*.

58.     Bad Ass, LLC's violation of New Mexico's Unfair Practices Act entitles Bad Ass Coffee to its actual damages, as wells as its costs and attorneys' fees, as per NMSA § 57-12-10.

59.     As a direct and proximate result of Bad Ass, LLC's infringement, Bad Ass Coffee has and continues to suffer damages in an amount that is not presently ascertainable, but will be established at trial, as well as irreparable harm. Bad Ass Coffee is entitled to all available and

applicable remedies provided for in NMSA § 57-12-10, including preliminary and permanent injunctive relief, treble damages, costs, and reasonable attorney's fees.

## FOURTH CAUSE OF ACTION
### Infringement of Common Law Trademark

60.     Bad Ass Coffee incorporates by reference paragraphs 1 - 59 as if fully set forth herein.

61.     The BAD ASS marks are distinctive and have acquired secondary meaning. Consumers have come to recognize Bad Ass Coffee as the source of coffee, espresso, food, clothing, retail products and retail services sold under the BAD ASS marks.

62.     Bad Ass, LLC's use of the Infringing Marks infringes on Bad Ass Coffee's trademark rights to the BAD ASS marks.

63.     Bad Ass, LLC's infringement on the BAD ASS marks has caused and continues to cause damages and injury to Bad Ass Coffee.

64.     Bad Ass Coffee has no adequate remedy at law because it has suffered and continues to suffer irreparable harm as a result of Bad Ass, LLC's acts, and is therefore entitled to preliminary and permanent injunctive relief to enjoin Bad Ass, LLC's wrongful conduct.

## PRAYER FOR RELIEF

WHEREFORE, Bad Ass Coffee prays for judgment against Bad Ass, LLC as follows:

A.     For the Court to issue a preliminary and permanent injunction in accordance with 15 U.S.C. § 1116, enjoining and restraining Bad Ass, LLC, and its agents, servants, employees, sales representatives, distributors, subsidiaries, heirs, successors and assigns, and all other persons acting by, through or in active concert with any of them, from directly or indirectly using the BAD

ASS marks, including any other mark, word, or name similar to the BAD ASS marks which is likely to cause confusion, mistake, or to deceive;

      B.      For the Court to issue a preliminary and permanent injunction in accordance with 15 U.S.C. § 1116, enjoining and restraining Bad Ass, LLC and its agents, servants, employees, sales representatives, distributors, subsidiaries, heirs, successors and assigns, and all other persons acting by, through or in active concert with any of them, from engaging in any course of action likely to cause confusion, deception, mistake or injury to Bad Ass Coffee's business reputation and goodwill associated with Bad Ass Coffee's BAD ASS marks;

      C.      For the Court to order, in accordance with 15 U.S.C. § 1116(d), the seizure of goods and counterfeit marks used in connection with the sale, offering for sale, or distribution of coffee, espresso, food, clothing and retail products, and the means of making such a counterfeit mark, and the seizure of records documenting the manufacture, sale, or receipt of things involved in the infringement of the BAD ASS marks, from Bad Ass, LLC, and its agents, servants, employees, sales representatives, distributors, subsidiaries, heirs, successors and assigns, and all other persons acting by, through or in active concert with any of them;

      D.      For the Court to order, in accordance with 15 U.S.C. § 1118, that all labels, signs, prints, packages, wrappers, receptacles, and advertisements bearing the Infringing Marks in the possession of Bad Ass, LLC, and its agents, servants, employees, sales representatives, distributors, subsidiaries, heirs, successors and assigns, and all other persons acting by, through or in active concert with any of them, to be delivered up and destroyed;

      E.      For the Court to order Bad Ass, LLC to account to and pay Bad Ass Coffee for any and all profits derived from the sale of coffee, espresso, food, clothing or retail products bearing

the Infringing Marks and for all damages sustained by Bad Ass Coffee by reason of Bad Ass, LLC's infringement, and that these damages be trebled in accordance with 15 U.S.C. § 1117(b) and New Mexico common law as a result of Bad Ass, LLC's willful violation of 15 U.S.C. § 1114(1)(a);

F.      For the Court to award statutory damages against Bad Ass, LLC in accordance with 15 U.S.C. § 1117(c) by reason of Bad Ass, LLC's use of a counterfeit mark in connection with the sale, offering for sale, or distribution of goods;

G.      For the Court to award punitive and exemplary damages against Bad Ass, LLC and in favor of Bad Ass Coffee, by reason of Bad Ass, LLC's intentional and willful conduct;

H.      For the Court to award statutory damages against Bad Ass, LLC, and that these damages be trebled in accordance with the New Mexico Unfair Practices Act, NMSA §§ 57-12-1 *et seq.*

I.      For the Court to award the costs and reasonable attorney's fees of this action to Bad Ass Coffee in accordance with 15 U.S.C. § 1117(a) and the New Mexico Unfair Practices Act, NMSA §§ 57-12-10;

J.      For any such other and further relief as the Court deems just in the circumstances.

## JURY DEMAND

Bad Ass Coffee hereby demands a jury for all issues triable thereto.

Dated: October 6, 2016.

Respectfully submitted,

BARDACKE ALLISON LLP

By:     */s/ Benjamin Allison*
        Benjamin Allison
        P.O. Box 1808
        141 E. Palace Avenue
        Santa Fe, NM  87501
        505-995-8000
        505-672-7037 (f)
        ben@bardackeallison.com

KUNZLER LAW GROUP, P.C.

By:     */s/  Bruce Needham*
        Bruce Needham (UT 10967)
        R. Jeremy Adamson (UT 12818)
        50 W. Broadway, 10th Floor
        Salt Lake City, UT  84101
        801-994-4646
        801-758-7436 (f)
        bneedham@kunzlerlaw.com
        jadamson@kunzlerlaw.com

*Attorneys for Bad Ass Coffee Company of Hawaii, Inc.*